IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| ENERGY FUTURE HOLDINGS CORP., et al., | : Bankruptcy Case No. 14-10979 (CSS) |
| Debtors. | : |
| ALVESTER COLEMAN | : |
| Appellant, | : |
| v. | : Civil Action No. 20-802-RGA |
| ENERGY FUTURE HOLDINGS CORP., | : |
| Appellee. | : |

**MEMORANDUM**

At Wilmington this 26 day of August, 2021;

1. Appellant filed this bankruptcy appeal on June 12, 2020. (D.I. 1). The Bankruptcy Court had entered an order on June 1, 2020, reciting in part that: (1) all claims of Appellant were previously liquidated as set forth in the TCEH Objection Order, and Appellant had no other claim against Reorganized TCEH, or any other debtor in the bankruptcy cases; (2) Appellant is a vexatious litigant and his continuing actions in the bankruptcy cases have resulted in a waste of estate and judicial resources; (3) all relief requested in two motions was denied with prejudice; (4) any further documents submitted to the Bankruptcy Court by Appellant would be docketed but not considered nor acted upon by the Court; and (5) no litigant was required to respond to any documents filed by Appellant. (D.I. 1-1 at 4; *see In re Energy Future Holdings Corp.*,

1

Bankr. Case No. 14-10979, D.I. 14185 at 24 (Bankr. D.Del. Mar. 24, 2021).

2. On July 27, 2020, the Court entered a briefing schedule ordering Appellant to file his opening brief on appeal within thirty days of the date of the order. (D.I. 9). When the thirty days passed and Appellant had not filed his opening brief, the Court entered an order for Appellant to show cause in writing, on or before October 9, 2020, why the appeal should not be dismissed. (D.I. 11) On October 9, 2020, Appellant filed a response to the order. (D.I. 14).

3. The Court in its discretion may dismiss a bankruptcy appeal for lack of prosecution. *In re New Century TRS Holdings, Inc.*, 619 F. App'x 46, 48 (3d Cir. 2015) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); In re *Jewelcor Inc.*, 11 F.3d 394, 397 (3d Cir. 1993); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)); *see also* Fed. R. Bankr. P. 8018(a)(4) (appellee may move to dismiss a bankruptcy appeal where the appellant fails to file and serve a brief within the time limits set forth in Rule 8018 or as otherwise set by the Court).

4. To dismiss a case for lack of prosecution, the Court must consider six factors: (1) "the extent of the party's personal responsibility;" (2) the prejudice caused to adversaries by appellant's failure to prosecute; (3) the party's "history of dilatoriness;" (4) "whether the conduct of the party or the attorney was willful or in bad faith;" (5) effectiveness of other sanctions; and (6) "meritoriousness of the claim or defense." *Emerson v. Thiel Coll.*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d at 868); *accord, Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). It is not necessary that all six factors weigh in favor of dismissal for the Court to dismiss the action. *See In re New Century TRS Holdings,* 619 F. App'x at 49 (citing *Curtis T.*

*Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)).

5.  Appellant's response refers to fraud by Energy Future Holdings, that he has tried on numerous occasions to settle the matter in Texas, where he resides, and he has been wrongly named as a vexatious litigant because he "sued for the return" of the property. (D.I. 14 at 1-2). Appellant states that as a *pro se* litigant he tried his best to file motions, objections, and his appeal in a timely manner. (*Id.* at 3). Appellant asks the Court to enter an order to remove his name from the vexatious litigant list and that he be given permission to pursue his case in Texas State Court or wherever he has property. (*Id.*). He states his claim for $30 billion for exposure to asbestos should be designated as a priority and that the Bankruptcy Court should be ordered to provide for payment of the claim in full. (*Id.* at 3-4).

6.  Appellant's response does not provide an explanation for why he failed to file an opening brief, timely or otherwise. Nor does he indicate any intention to file an opening brief. He does not indicate any reason why his appeal should not be dismissed. Rather, he asks for relief this Court cannot provide, including the entry of an order giving him permission to pursue his claim in any State Court or any jurisdiction he deems fit.

7.  Several factors weigh in favor of dismissal. Appellant is personally responsible for his failure to prosecute this action when he did not follow the briefing schedule. He is also personally responsible for not meaningfully responding to the order to show cause. Thus, he has no valid excuse for failure to prosecute the appeal. Appellee is prejudiced as it must defend against this meritless appeal; of course, Appellee would have to defend if Appellant did file a timely brief, but at least it would not

3

have the added burden, minor as it might be, of monitoring the appeal in case it suddenly springs to life. While I have not seen a "history of dilatoriness," I also have not seen any history of diligence. Appellant proceeds *in forma pauperis* and, hence, it is doubtful that monetary sanctions would be effective. Appellant makes no coherent argument as to why there was any error in the Bankruptcy Court's June 1, 2020 Order, and none is apparent to me. Thus, for purposes of the failure to prosecute analysis, the appeal is without merit. Accordingly, the Court finds that the balance of the *Poulis* factors weigh in favor of dismissing the appeal. Appellant's filing (D.I. 11) provides no basis not to dismiss the case.

8. To the extent Appellant's filing is considered to be a brief (and since he is *pro se*, I think I have to consider that as an alternative), it fails to provide any basis to question the correctness of the Bankruptcy Court's Order. Thus, alternatively, were I not dismissing the appeal for failure to prosecute, I would affirm the order of the Bankruptcy Court. Appellant's appeal is without merit.[1]

---

[1] During a June 1, 2020 hearing, the Bankruptcy Court found that Appellant had no property interest to assert and, therefore, lifting the stay would be inappropriate. It found that the reorganization plan was confirmed three and one-half years prior to the hearing and, once the plan was confirmed, the Court was devoid of the power to appoint a Trustee. The Court discussed that it had been determined that Appellant was entitled to a claim for his unmanifested asbestos claim (which was $2,754, but which paid less than ten cents on the dollar), and the plan was adequately noticed and cannot be revisited by operation of law. It also found that Appellant's claims for $30 billion and $250 billion were manifestly unreasonable, disallowed, and Appellant did not appeal so the issue could not be revisited. Finally, the Court refused to revisit claims that had been litigated and disallowed and found that Appellant is a "vexatious litigant." *See In re Energy Future Holdings Corp.*, Bankr. Case No. 14-10979, at D.I. 14185 at 20-24 (Del. Bankr. Ct. June 1, 2020). The "vexatious litigant" finding had limited impact—it merely meant that Appellant's future filings, if any, in the Bankruptcy Court did not require any response. Having reviewed the record, this Court finds no error in those findings and no merit to Appellant's appeal.

4

9. Therefore, the Court will dismiss the appeal, or, in the alternative, affirm the Bankruptcy Court's order. A separate order will be entered.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE